FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 APR 28 P 2: 13

SIGN
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TAMMY MARIE CRIFASI     CIVIL ACTION NO: 06-311-FJP-SCR

VS.     JUDGE:

CINGULAR WIRELESS LLC     MAG.

## NOTICE OF REMOVAL

Cingular Wireless LLC represents:

1.    <u>State Proceeding</u>: On April 10, 2006 a civil action was filed by Tammy Marie Crifasi in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, bearing No. 542,023, Section 22 ("State Proceeding"). Service of process was made on Defendant on or about April 19, 2006.

2.    <u>Parties</u>: Tammy Marie Crifasi is a citizen and resident of Louisiana. Cingular Wireless LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

3.    <u>Jurisdiction</u>: This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and is between citizens of different states, with complete diversity existing.

4.    <u>Removal</u>: Pursuant to 28 U.S.C. § 1441 et seq., Cingular Wireless LLC files this notice of removal. This action is being timely removed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

and the Clerk of Court, 19th Judicial District Court, East Baton Rouge Parish, Louisiana. A copy of the notice is attached.

6. <u>Pleadings From State Proceeding</u>: Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Cingular Wireless LLC are attached.

Cingular Wireless LLC requests that:

1. This action be removed from the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

2. This Court enter such orders as are appropriate; and

3. Cingular Wireless LLC have such further relief, at law or in equity, as this Court may deem just and proper.

Respectfully submitted,

PERRET DOISE

BY: _____
DOUGLAS C. LONGMAN, JR.(#8719)
GARY J. RUSSO (#10828)
CADE A. EVANS (#24405)
600 Jefferson St., Suite 1600
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000 Telephone
(337) 262-9001 Facsimile

ATTORNEYS FOR CINGULAR WIRELESS LLC

I certify that a copy of the
foregoing was mailed to:

>Matthew W. Pryor
>Pujol & Pryor
>16260 Airline Highway, Suite E
>Prairieville, LA 70769

and

>Doug Welborn
>Clerk of Court, East Baton Rouge Parish
>P.O. Box 1991
>Baton Rouge, LA 70821-1991

on this the 25th day of April, 2006.

_____
DOUGLAS C. LONGMAN, JR.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY MARIE CRIFASI | CIVIL ACTION NO. 06-311-FJP-SCR |
| VS. | JUDGE: |
| CINGULAR WIRELESS LLC | MAG. |

## 28 U.S.C. 1446(d) NOTICE OF FILING

TO: Matthew W. Pryor
   Pujol & Pryor
   16260 Airline Highway, Suite E
   Prairieville, LA 70769

and

   Doug Welborn
   Clerk of Court, East Baton Rouge Parish
   P.O. Box 1991
   Baton Rouge, LA 70821-1991

Pursuant to provisions of 28 U.S.C. § 1446(d), Cingular Wireless LLC, defendant in the civil action originally filed in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, No. 542,023, Section 22, has filed a Notice of Removal to the United States District Court for the Middle District of Louisiana, on April 25, 2006. A true and correct copy of the Notice of Removal is attached.

Respectfully submitted,

PERRET DOISE

BY: _____
DOUGLAS C. LONGMAN, JR.(#8719)
GARY J. RUSSO (#10828)
CADE A. EVANS (#24405)
600 Jefferson St., Suite 1600
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000 Telephone
(337) 262-9001 Facsimile

ATTORNEYS FOR CINGULAR WIRELESS LLC


I certify that a copy of the
foregoing was mailed to:

>Matthew W. Pryor
>Pujol & Pryor
>16260 Airline Highway, Suite E
>Prairieville, LA 70769

and

>Doug Welborn
>Clerk of Court, East Baton Rouge Parish
>P.O. Box 1991
>Baton Rouge, LA 70821-1991

on this the 25th day of April, 2006.

_____
DOUGLAS C. LONGMAN, JR.

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 APR 28 P 2: 22

SIGN
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TAMMY MARIE CRIFASI          CIVIL ACTION NO: 06-311-FJP-SCR

VS.          JUDGE:

CINGULAR WIRELESS LLC          MAG.

## STATE COURT FILINGS

1. Citation;

2. Petition for Damages; and

3. Notice of Service of Process.

2402-06-001482

# CITATION

TAMMY MARIE CRIFASI  
(Plaintiff)

vs.

CINGULAR WIRELESS LLC  
(Defendant)

NUMBER C542023 SECTION 22

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO: CINGULAR WIRELESS LLC  
THRU CORP SERVICE CO  
320 SOMERULOS ST STE B  
BATON ROUGE, LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 13-APR-2006.

Deputy Clerk of Court for  
Doug Welborn, Clerk of Court

Requesting Attorney: MATTHEW W PRYOR

Also attached are the following documents:

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20_____.

SERVICE.      $_____  
MILEAGE       $_____            Deputy Sheriff  
TOTAL:        $_____            Parish of East Baton Rouge

CITATION - 2402

TAMMY MARIE CRIFASI

VERSUS

CINGULAR WIRELESS, LLC

DOCKET NO: 542,023 "22"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

FILED:_____

_____
DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

Petitioner, Tammy Marie Crifasi, a resident of the full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana, appearing herein through undersigned counsel, respectfully represents:

1.

Made defendant herein is:

A. CINGULAR WIRELESS, LLC, a Delaware corporation licensed and authorized to do and doing business in the State of Louisiana.

2.

The defendant, Cingular Wireless, LLC (hereinafter Cingular) provides digital/cellular telephone service to a variety of customers nationwide. As part of that service, the defendant maintains an account for each individual customer/ phone number, which account, can only be accessed by that customer, and which account is supposed to be password protected.

3.

Your petitioner, Tammy Marie Crifasi, is a Cingular customer and has been a Cingular customer for several years.

4.

Petitioner was involved in a dating relationship with an individual known as John Doe (an individual whose identity petitioner desires to remain anonymous), and during said relationship, learned that John Doe had engaged upon a campaign to stalk, harass, and abuse petitioner. One of the methods upon which John Doe engaged upon his campaign to stalk, harass and abuse petitioner was to obtain surreptitiously, petitioner's private account information, including her password, and information of phone calls made to and from petitioners Cingular wireless digital/cellular phone,

from the defendant, Cingular Wireless, LLC. John Doe then used that information to call individuals whom petitioner had spoken to and disclose private and embarrassing information concerning petitioner. This information was disclosed to not only family and friends of the petitioner, but also to business colleagues, and people with whom petitioner communicated as part of her daily life.

5.

Included in the information that John Doe obtained from the defendant, Cingular, was the petitioner's password to her private account, copies of her phone bills reflecting the telephone numbers she had called, the length of the conversation and the times that the conversation took place. John Doe was also able to access petitioner's telephone bills from Cingular.

6.

Upon learning of this breach into her privacy, your petitioner consulted Cingular in an effort to put an end to the invasion of her privacy. As part of an agreement, the defendant, Cingular, added extra security features to petitioner's account, and made a special notation on the account that John Doe was not to be given any of petitioner's account information under any circumstances. Petitioner also changed the password on her Cingular account.

7.

The pattern of abuse escalated on or about January 29, 2006 when John Doe physically assaulted and battered your petitioner. Since that time, John Doe has engaged in a campaign of abuse, harassment and stalking of petitioner. As part of this campaign, John Doe has contacted by phone friends, family members, and colleagues of petitioner and has provided embarrassing, private information concerning petitioner in an effort to embarrass and humiliate petitioner and ruin her reputation in the community

8.

Upon information and belief, John Doe once again, surreptitiously and unbeknownst to petitioner accessed the private and personal account information regarding petitioner's Cingular account, including her new password to her private account, information on phone calls made to and from petitioners Cingular wireless/cellular telephone, length of said phone call, and the time said phone calls took place. Petitioner shows that said information was given to John Doe by certain employees of Cingular, who John Doe contacted and persuaded to provide said information. Petitioner further shows that said information was given after petitioner and Cingular established

extra security features on petitioner's account, established and new password, and made a specific notation on petitioner's account that John Doe was not to be provided any information whatsoever regarding petitioner's Cingular account.

9.

As a result of the actions of the defendant, Cingular Wireless, LLC, and due to its blatant disregard for its own procedures, and the wishes of its account holder, your petitioner has been continuously stalked, abused, harassed and humiliated by John Doe, and his use of the information that he has obtained from the defendant, Cingular.

10

After first learning of the breach into her private account, your petitioner went to great lengths with the defendant, Cingular, to establish a secret sphere of her life and to specifically exclude John Doe from entering said sphere. Specifically, your petitioner added extra security to her Cingular account, changed her private password, and made a specific notation on her Cingular account that John Doe was to be given no information whatsoever regarding petitioner's Cingular account. Despite establishing that secret sphere of her life, Cingular, through its employees, invaded that secret sphere of her life, and provided information to John Doe which enabled and equipped him to engage his pattern of harassment, abuse, stalking and in humiliation, as set forth above. Therefore, Cingular has committed the tort of invasion of the right of privacy of the petitioner, Tammy Marie Crifasi.

11.

The employees of Cingular provided the private account information of your petitioner, Tammy Marie Crifasi, to John Doe, thus enabling him to embark on his campaign of abuse, harassment, and stalking of your petitioner, Tammy Marie Crifasi, with full knowledge that he was not to be allowed that information and full knowledge that your petitioner had requested and had established extra security precautions on her account through Cingular. As a result of the harassment, abuse and stalking of John Doe, Tammy Marie Crifasi has suffered from extreme emotional distress and fear of her life, safety and reputation, all of which was inflicted in whole or in part by the intentional, willful and malicious acts of the employees Cingular in turning over private information to a person who was specifically instructed not to obtain that information. As a result Cingular has committed the tort of intentional infliction of emotional distress.

12.

Additionally, and alternatively, the employees of Cingular turned over the private information of Tammy Marie Crifasi to John Doe when they knew or should have known that he was not to have that information and when they knew or should have known that he would have misused that information, thus Cingular has also committed the tort of negligent infliction of emotional distress.

13.

Cingular is liable for the acts of its employees under the doctrine of *respondeat superior*.

14.

As a result of the acts of Cingular, enabling John Doe to embark upon his campaign of abuse, harassment and stalking, Tammy Marie Crifasi has suffered the following, non-exclusive damages, to wit:

A. Emotional distress, past, present and future;

B. Fear for her life;

C. Fear for her personal safety;

D. Fear for her reputation;

E. Embarrassment;

F. Humiliation; and

G. Any and all other damages to be shown at the trial in this matter.

15.

Petitioner shows that she has made a complaint to Cingular to no avail.

16.

Petitioner, upon information and belief, asserts that she has been seriously damaged as a result of the intentional and negligent acts of Cingular and its employees and agents, however, such damages do not exceed at this time, $75,000.00.

WHEREFORE, Tammy Marie Crifasi, prays that this Petition be filed, that the defendant, Cingular Wireless, LLC, be cited and served with a copy of the same and be compelled to answer the same, and that after all legal delays and due proceedings had, there be a judgment herein in favor of Tammy Marie Crifasi, and against Cingular Wireless, LLC for all damages reasonable on the

premises, together with legal interest thereon, from the date of judicial demand until paid, for all costs of these proceeds and for attorney's fees.

Respectfully Submitted:

PUJOL & PRYOR

*[signature]*

Matthew W. Pryor (#23903)
Timothy E. Pujol (#19117)
Brittany A. Keaton (#27959)
16260 Airline Highway, Suite E
Prairieville, Louisiana 70769
Telephone: (225) 744-0030

PLEASE SERVE:

Cingular Wireless, LLC
through its registered agent for service of process:
Corporation Service Company
320 Somerulos Street, Suite B
Baton Rouge, Louisiana 70802

FILED 4-10-06
Signed Misty Briggs Dy. Clerk
A True Copy 4-13-06
Ledidra Carter Dy. Clerk

| | |
|---|---|
| TAMMY MARIE CRIFASI | DOCKET NO: |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| CINGULAR WIRELESS, LLC | STATE OF LOUISIANA |

FILED: _____        _____
                                    DEPUTY CLERK OF COURT

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared,

**TAMMY MARIE CRIFASI**

who, after being duly sworn, did depose and state that the allegation set forth in the preceding Petition for Damages are true to the best of her knowledge, information and belief.

_____
TAMMY MARIE CRIFASI

Sworn to and ascribed before me, this 31st day of March, 2006 at Prairieville, Louisiana.

_____
NOTARY PUBLIC

FILED 4-10-06
Signed Misty Briggs
            Dy. Clerk
A True Copy 4-13-06
Ledidra Carter
            Dy. Clerk



CORPORATION SERVICE COMPANY

# Notice of Service of Process

AYH / ALL
Transmittal Number: 4440252
Date Processed: 04/19/2006

| | |
|---|---|
| Primary Contact: | SOP Scan - Cingular Wireless<br>SOP - PowerBrief - Wilmington<br>Sop - Scan<br>Suite 400 2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | Cingular Wireless LLC<br>Entity ID Number 2019253 |
| Entity Served: | Cingular Wireless, LLC |
| Title of Action: | Tammy Marie Crifasi vs. Cingular Wireless, LLC |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Other |
| Court: | 19th JDC, East Baton Rouge Parish, Louisiana |
| Case Number: | 542023 Section 22 |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 04/19/2006 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Matthew W. Pryor<br>225-744-0030 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TAMMY MARIE CRISAFI

## DEFENDANTS
CINGULAR WIRELESS LLC

**(b)** County of Residence of First Listed Plaintiff: **EAST BATON ROUGE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MATTHEW W. PRYOR; PUJOL & PRYOR; 16260 AIRLINE HWY, STE. E, PRAIRIEVILLE, LA; 225/744-0030

Attorneys (If Known)
DOUGLAS C. LONGMAN, JR.; PERRET DOISE, APLC; P.O. DRAWER 3408; LAFAYETTE, LA 70502-3408; 337/262-9000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | [x] 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- [x] 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(A)
Brief description of cause:
Claim for emotional distress

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/25/06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 4699002779  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____